## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON

**THOMAS RAY, III,**

    **Movant,**

v.                                              **Case No. 3:18-cv-01193**
                                                   **Case No. 3:13-cr-00061**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## **PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 157). On September 24, 2018, Movant filed additional documentation in support of his motion (ECF No. 161). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## **PROCEDURAL HISTORY**

Movant, Thomas Ray, III (hereinafter "Defendant") was convicted in this United States District Court of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On March 10, 2014, he was sentenced to a term of imprisonment of 78 months, followed by a three-year term of supervised release. (ECF No. 72). His direct appeal was unsuccessful. (ECF No. 96). Defendant did not seek a writ of certiorari in the Supreme Court.

Defendant filed a prior Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 99) and a Motion for Relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015) (ECF No. 128). However, he was permitted to voluntarily withdraw those motions prior to a final ruling thereon. Accordingly, the instant section 2255 motion is not a second or successive section 2255 motion.

Defendant filed the instant section 2255 motion on July 30, 2018. (ECF No. 157). However, the motion seeks relief which is not available or appropriate under section 2255. In short, Defendant requests that the court terminate or set aside his future three-year term of supervised release due to alleged conditions of confinement in the Federal Bureau of Prisons facilities where he is or has been confined. Defendant is presently confined at the United States Penitentiary at Terre Haute, Indiana.

## ANALYSIS

Claims concerning an inmate's conditions of confinement are not proper for review in a section 2255 motion. Section 2255 was intended to provide a statutory procedure for collaterally attacking a criminal judgment following a conviction in federal court and it was not intended to allow litigation concerning an inmate's conditions of confinement. *See, e.g., Fulton v. United States*, No. 1:11-cv-0801; 1:10-cr-0336, 2011 WL 1262166, *2 (N.D. Ga. Mar. 30, 2011) (§ 2255 is not available to challenge conditions of confinement); *Alvarado v. United States*, No. 08-cv-0631; 06-cr-1195, 2008 WL 5111326, *1 (S.D. Cal. Dec. 4, 2008) ("neither a motion pursuant to § 3582 nor a petition under § 2255 is the proper method of challenging conditions of confinement."); *Guidice v. United States*, 89-cv-1259, 1989 WL 80046, * 2 (E.D.N.Y. July 7, 1989) (citing *United States v. Huss*, 520 F.2d 698 (2d Cir. 1975).

Rather, claims concerning conditions of confinement must be raised in a civil rights action or, if the claim can be construed to be implicating the execution of the inmate's federal sentence, in a habeas corpus petition pursuant to 28 U.S.C. § 2241, both of which must be filed in the district court where the inmate is then incarcerated. Defendant is not incarcerated within the Southern District of West Virginia. Thus, this court lacks any jurisdiction to consider such claims. Defendant has been repeatedly advised that any claims concerning his conditions of confinement must be addressed in the jurisdiction where he is confined.

Additionally, to the extent that Defendant is requesting that this court terminate or set aside his term of supervised release, Defendant's Judgment is final and he has not set forth any timely and valid basis to vacate, set aside or correct his sentence. To the extent that this court would have any authority to modify or terminate Defendant's term of supervised release, that authority is governed by 18 U.S.C. § 3583(e)(1), which provides as follows:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice.

18 U.S.C. § 3583(e)(1). Defendant does not presently meet these criteria. Thus, this court cannot grant his request to terminate or set aside his term of supervised release.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's Motion Under 28 U.S.C. § 2255 to Vacate,

Set Aside, or Correct Sentence (ECF No. 157) and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Chambers.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

September 28, 2018

Dwane L. Tinsley
United States Magistrate Judge